# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 10/28/2021 12:15:33 PM.
30-2021-01228559-CU-WT-WJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPS TECHNOLOGIES, LLC, DBA CHERRY AEROSPACE, a
Pennsylvania limited liability company; [Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANNIE CARMONA, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>~~Superior Court of California Court~~<br>~~700 Civic Center Drive West, Santa~~ | Orange County Superior Court<br>West Justice Center<br>8141 13th Street<br>Westminster, CA 92683 | CASE NUMBER:<br>*(Número del Caso):* | 30-2021-01228559-CU-WT-WJC<br><br>Judge Nathan Scott |
|---|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nathan Kingery,Esq.;Wilshire Law Firm;3055 Wilshire Blvd.,12th FL,Los Angeles,CA 90010;213-381-9988

| DATE:<br>*(Fecha)* | 10/28/2021  DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  SPS Technologies, LLC, dba Cherry Aerospace, a Pennsylvania limited liability company

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on (date): 11-3-21

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CARMONA v. SPS TECHNOLOGIES, LLC, et al. | 30-2021-01228559-CU-WT-WJC |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

TANNER TARDIFF an individual; THANA KITTINATHONON, an individual; CHARLES PALELLA, an individual; and DOES 1-30, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically Filed by Superior Court of California, County of Orange, 10/28/2021 12:15:33 PM.
30-2021-01228559-CU-WT-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Nicol E. Hajjar, Esq. (SBN 303102)
nicol@wilshirelawfirm.com
Nathan Kingery, Esq. (SBN 309920)
nkingery@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff,
DANNIE CARMONA

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| DANNIE CARMONA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPS TECHNOLOGIES, LLC, DBA CHERRY AEROSPACE, a Pennsylvania limited liability company; TANNER TARDIFF an individual; THANA KITTINATHONON, an individual; CHARLES PALELLA, an individual; and DOES 1-30, inclusive.<br><br>Defendants. | CASE NO.:  30-2021-01228559-CU-WT-WJC<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **AGRE DISCRIMINATION (Gov. Code §§ 12940 (a) and 12926 (o));**<br>2. **DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN (Gov. Code §§ 12940 (a) and 12926 (o));**<br>3. **HARRASSMENT – HOSTILE WORKPLACE ENVIRONMENT (Gov. Code §§ 12940 (a) and 12926 (o));**<br>4. **FAILURE TO PREVENT DISCRIMINATORY PRACTICES (Gov. Code § 12940 (k));**<br>5. **FAIR EMPLOYMENT & HOUSING ACT RETALIATION (Gov. Code § 12940 (h))**<br>6. **RETALIATION IN VIOLATION OF LABOR CODE (Lab. Code § 6310)**<br>7. **RETALIATION IN VIOLATION OF LABOR CODE (Lab. Code § 1102.5)**<br>8. **FAILURE TO PAY MEAL BREAK COMPENSATION (Lab. Code §§ 512 and 226.7)**<br>9. **FAILURE TO PAY REST BREAK COMPENSATION (Lab. Code § 226.7)**<br>10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>11. **UNLAWFUL BUSINESS PRACTICES (Bus. & Prof. Code § 17200, *et seq.*)**<br><br>**JURY TRIAL DEMANDED**<br><br>**Assigned for All Purposes**<br>Judge Nathan Scott |

*WILSHIRE LAW FIRM, PLC*
*3055 Wilshire Blvd., 12th Floor*
*Los Angeles, CA 90010-1137*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    Plaintiff, DANNIE CARMONA alleges as follows:

2    **I.**

3    **PRELIMINARY MATTERS**

4    **(Jurisdiction, Parties, and Venue)**

5    1.    At all times mentioned herein, Plaintiff DANNIE CARMONA ("Plaintiff or

6    "CARMONA") was an individual over the age of 18 and a resident of the County of Orange,

7    State of California.

8    2.    At all times mentioned herein, defendant SPS TECHNOLOGIES, LLC, DBA

9    CHERRY AEROSPACE ("CHERRY AEROSPACE" or collectively with co-Defendants,

10   "Defendants"), was a Delaware limited liability company authorized to and doing business as

11   "CHERRY AEROSPACE" in the County of Orange, State of California.

12   3.    Plaintiff is informed and believes and thereon alleges that Defendant TANNER

13   TARDIFF ("TARDIFF", or collectively with co-Defendants, "Defendants") is, and at all times

14   mentioned in this Complaint was, employed by CHERRY AEROSPACE, and was and is a

15   resident of ORANGE County, California. At all relevant times, Defendant TARDIFF occupied

16   a managerial position at CHERRY AEROSPACE, had direct supervisory authority over

17   Plaintiff, and/or exercised supervisory authority over Plaintiff within the scope of Defendant

18   TARDIFF'S employment and authority.

19   4.    Plaintiff is informed and believes and thereon alleges that Defendant THANA

20   KITTINATHONON (hereinafter, "KITTINATHONON", or collectively with co-Defendants,

21   "Defendants") is, and at all times mentioned in this Complaint was, employed by CHERRY

22   AEROSPACE, and was and is a resident of ORANGE County, California. At all relevant times,

23   Defendant KITTINATHONON occupied a managerial position at CHERRY AEROSPACE, had

24   direct supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff

25   within the scope of Defendant KITTINATHONON's employment and authority

26   5.    Plaintiff is informed and believes and thereon alleges that Defendant CHARLES

27   PALELLA (hereinafter, "PALELLA", or collectively with co-Defendants, "Defendants") is, and

28   at all times mentioned in this Complaint was, employed by CHERRY AEROSPACE, and was

2

COMPLAINT FOR DAMAGES

1   and is a resident of ORANGE County, California. At all relevant times, Defendant PALELLA

2   occupied a managerial position at CHERRY AEROSPACE, had direct supervisory authority

3   over Plaintiff within the scope of Defendant PALELLA's employment and authority.

4       6.      Venue is proper in this Court because Plaintiff is informed and believes that at all

5   times relevant to this action, all Defendants, and/or Does 1 through 30, inclusive, had their

6   principal place of business and were doing business in ORANGE County, California;

7   Defendants employed Plaintiff in ORANGE County; Plaintiff worked in ORANGE County

8   throughout his employment with Defendants; Defendants' relevant actions herein alleged

9   occurred in ORANGE County; witnesses reside in ORANGE County; and Defendants' relevant

10  records are maintained and administered in ORANGE County.

11      7.      Plaintiff is ignorant of the true names and capacities, whether individual,

12  corporate, associate, or otherwise, of defendants sued herein as Does 1 through 30, inclusive,

13  and therefore sues defendants under such fictitious names. Plaintiff is informed and believes and

14  therefore alleges that each of the defendants designated herein as DOE is legally responsible in

15  some manner for the events and happenings herein referred to, and proximately caused injury

16  and damages thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon

17  alleges that Does 1 through 30 are residents and citizens of the State of California

18      8.      At all relevant times, each defendant and Does 1-30, were the agents, servants,

19  and alter-egos of each other, and as such, the acts and omissions of one defendant are considered

20  the acts and omissions of all defendants. Plaintiff is informed and believes and thereon alleges

21  that there is such unity of interests and ownership between these defendants that separate status

22  no longer exists, and that observance of the fiction of separate existence among these defendants

23  would sanction fraud and promote injustice

24      9.      All actions and conduct of Defendant and Does 1-30 as alleged herein were

25  committed in ORANGE County, State of California. Plaintiff is further informed and believes

26  that witnesses to the events described herein were and are residents of ORANGE County,

27  California.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

3

COMPLAINT FOR DAMAGES

10.     The amount in damages in controversy and demanded by Plaintiff is greater than $25,000.00

11.     Whenever and wherever reference is made in this Complaint to any act or failure to act by any single Defendant or any group of Defendants, such reference shall also be deemed to mean the acts and failures to act of each Defendant, and all Defendants, acting individually, jointly, and severally.

12.     Whenever and wherever reference is made to individuals who are not named as Plaintiffs or Defendants in this Complaint but were agents, servants, employees, and/or supervisors of Defendants, such individuals, at all relevant times, acted on behalf of named and Doe Defendants within the scope of their employment and authority.

13.     Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and has received and served a right-to-sue letter. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached hereto as **EXHIBIT A**.

**II.**

**FACTUAL ALLEGATIONS**

14.     On or about January 3, 1979, Defendants hired Plaintiff DANNIE CARMONA as a Machine Operator. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 20, 2021.

15.     Plaintiff was 60 years of age when his employment was terminated. Plaintiff is a Hispanic man.

16.     Throughout Plaintiff's employment with Defendants, Defendants made it a practice to harass their older employees. Defendants TARDIFF and KITTINATHONON, along with many other managers and supervisors, at Defendant CHERRY AEROSPACE, frequently berated the older employees, including Plaintiff, gave them the worst positions and duties, failed to promote, and/or give reasonable raises in salary and gave them the less than favorable work schedules.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

4

COMPLAINT FOR DAMAGES

17.     Plaintiff complained about the age discrimination and harassment, but his concerns went unheeded. Instead, following Plaintiff's multiple complaints to HR, in or about August of 2020, Defendant was written up under the false pretense that he was not social distancing.

18.     Specifically, on or about August 07, 2020, while taking his socially distanced lunch break outside, and in accordance with and following CDC guidelines, Plaintiff and his co-workers were approached by a young man, Defendant PALELLA, whom they had never seen before. Defendant PALELLA told the group that they needed to separate, despite already being adequately socially distanced.

19.     Plaintiff politely asked the man who he was and what was his position. The young man, Defendant PALELLA, responded that he was a sales manager, became agitated and told Plaintiff he was being insubordinate.

20.     As a result of this incident, Plaintiff was suspended for one week without pay, despite never receiving a verbal warning as pursuant to company policy.

21.     In or about December 2020, one of Plaintiff's co-workers tested positive for COVID-19. Plaintiff was deemed a close contact and placed on quarantine. Plaintiff returned from quarantine in or about January 2021.

22.     On or about January 20, 2021, Plaintiff was called into an office with a Human Resources representative of Defendant CHERRY AEROSPACE and Defendants TARDIFF and KITTINATHONON. Plaintiff was told he was being terminated under the false pretense that he had not followed social distancing rules, and also for being deemed a close contact with the co-worker who had tested positive for COVID-19 in December 2020.

23.     Plaintiff's termination was substantially motivated by Plaintiff's age as well as Plaintiff's complaints about not receiving salary and career advancements, as well as Plaintiff's complaints that Defendants were hiring younger employees at a lower salary and forcing out the older employees. Defendants' discriminatory animus is evidence by the previously mentioned facts. Therefore, Defendants discriminated, harassed, and retaliated against Plaintiff on the basis

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  of Plaintiff's age and Plaintiff's protected activity of complaining to Defendants about

2  Defendants' unsafe and unlawful practices.

3      24.     Throughout Plaintiff's employment, Defendants failed to authorize and permit

4  Plaintiff to take his mandatory rest periods and failed to furnish accurate Code-compliant wage

5  statements to Plaintiff. As discussed above, Plaintiff's experience working for Defendants was

6  typical and illustrative of the way that Defendants did business and treated their employees.

7      25.     Throughout Plaintiff's employment, Defendants wrongfully failed to authorize

8  and permit Plaintiff to take legally compliant rest periods. Defendants regularly required Plaintiff

9  to work in excess of four consecutive hours a day without authorizing and permitting Plaintiff to

10 take a 10-minute uninterrupted and duty-free rest period for every four hours of work (or major

11 fraction of four hours), or without compensating Plaintiff for rest periods that were not

12 authorized or permitted.   Instead, Defendants continued to assert control over Plaintiff by

13 regularly denying Plaintiff permission to take a rest period outside his mandated meal period.

14 Defendants created a work environment that made it impossible for Plaintiff to take his meal or

15 rest periods without retaliation. Accordingly, Defendants' policy and practice was evidently not

16 to authorize and permit Plaintiff to take rest periods notwithstanding California law.

17     26.     During the relevant time period, Defendants subjected Plaintiff to discrimination,

18 harassment, and retaliation by, among other things, violating his physical autonomy, and altering

19 the conditions of Plaintiff's employment through verbal abuse.

20     27.     Plaintiff's termination from employment was substantially motivated by

21 Plaintiff's age. Defendants' discriminatory animus is evident and amply demonstrated by the

22 above facts.

23     28.     Therefore, Defendants discriminated against, harassed, and retaliated against

24 Plaintiff on the basis of Plaintiff's age, and/or Plaintiff's protected activities, which included,

25 without limitation, complaining about discrimination and harassment.

26     29.     As a result of Defendants' actions, Plaintiff has suffered and will continue to

27 suffer general and special damages, including severe and profound emotional distress and mental

28 anguish, and past and future lost wages and benefits.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6

COMPLAINT FOR DAMAGES

30.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors, and/or managing agents, including but not limited to TARDIFF, KITTINATHONON, PALELLA and those identified herein as DOES 1 through 30, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.   The aforementioned conduct of said managing agents and individuals was, therefore, undertaken on behalf of Defendants, who further had advance knowledge of the actions and conduct of said individuals.   Such actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and who are, therefore, designated herein as DOES 1 through 30, inclusive.

## FIRST CAUSE OF ACTION

### Age Discrimination

(Government Code §§ 12940 (a) and 12926 (o))

(Against Defendant CHERRY AEROSPACE and Does 1-30)

31.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

32.     At all relevant times, Government Code §§ 12940 (a) and 12926 (o) were in full force and effect and binding on Defendant. These statutes prohibit Defendant from discriminating against an employee based on, among other things, age.

33.     Plaintiff is informed and believes and thereon alleges that Plaintiff's age was a motivating factor in Defendant's wrongdoing in this case.

34.     Defendant's acts and omissions as alleged, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's age in violation of Government Code § 12900, *et seq.*

35.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

7

COMPLAINT FOR DAMAGES

36.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

37.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

38.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

39.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

40.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act

**WHEREFROE**, Plaintiff prays judgment against Defendant CHERRY AEROSPACE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

1   and Does 1-30 as is hereinafter more fully set forth.

2   ### SECOND CAUSE OF ACTION

3   ### Discrimination Based on Race and National Origin

4   (Government Code §§ 12940 (a) and 12926 (o))

5   (Against Defendant CHERRY AEROSPACE and Does 1-30)

6   41.     Plaintiff hereby incorporates by reference all prior paragraphs of the allegations

7   as though fully set forth herein.

8   42.     At all relevant times, Government Code §§ 12940 (a) and 12926 (o) were in full

9   force and effect and binding on Defendant. These statutes prohibit Defendant from

10  discriminating against an employee based on and race and national origin.

11  43.     Plaintiff is informed and believes and thereon alleges that Plaintiff's race and

12  national origin were a motivating factor in Defendant's wrongdoing in this case.

13  44.     Defendant's acts and omissions, including terminating Plaintiff's employment,

14  constitute unlawful and discriminatory employment practices on account of Plaintiff's race and

15  national origin in violation of Government Code § 12900, *et seq.*

16  45.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff

17  has suffered and will continue to suffer actual damages, including lost earnings and other

18  employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount

19  of which is not yet known, which amount will be proven at trial.

20  46.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

21  failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

22  and will incur other incidental and consequential damages and losses, all in amounts to be proven

23  at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest,

24  pursuant to any provision of law providing for prejudgment interest.

25  47.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and

26  wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

27  special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

28  amounts of money Plaintiff would have received but for Defendant's discriminatory and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

COMPLAINT FOR DAMAGES

1  wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

2  opportunities as experience in the position Plaintiff held and advancement opportunities.

3       48.    As a direct, foreseeable, and proximate result of said wrongful acts and failures

4  to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

5  embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in

6  an amount to be proven at trial.

7       49.    Defendant committed the acts alleged herein maliciously, fraudulently, and

8  oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

9  and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

10  conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

11  wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or

12  a managing agent who had advance knowledge of the unfitness of its decision-maker and

13  employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified

14  his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

15  amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

16  similarly reprehensible conduct.

17       50.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant

18  to the Fair Employment and Housing Act.

19       **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is

20  hereinafter more fully set forth.

21  **THIRD CAUSE OF ACTION**

22  **Harassment – Hostile Workplace Environment**

23  (Government Code §§ 12940 (a) and 12926 (o))

24  (Against All Defendants)

25       51.    Plaintiff refers to and incorporates each paragraph set forth above as though set

26  forth in full in this cause of action.

27       52.    At all times herein mentioned, Government Code §§ 12940 (a) and 12926 (o)

28  were in full force and effect and binding on Defendant. These statutes prohibit Defendant from

10

COMPLAINT FOR DAMAGES

Left margin (vertical): WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  discriminating against, harassing, and retaliating against any employee based on, among other

2  things, age, race, national origin, disability, sex, and gender.

3      53.    At all relevant times, Defendants employed Plaintiff. Defendants subjected

4  Plaintiff to harassing conduct because of Plaintiff's color, national origin, and age.

5      54.    At all relevant times, Defendant TARDIFF and Defendant KITTINATHONON

6  occupied managerial positions at Defendant CHERRY AEROSPACE, had direct supervisory

7  authority over Plaintiff, and/or directly supervised Plaintiff within the scope of employment and

8  authority.

9      55.    As alleged in this Complaint, Defendants' harassment included, without

10  limitation, making unwanted and inappropriate comments towards Plaintiff, regularly making

11  offensive remarks and gestures to Plaintiff about Plaintiff's age.

12      56.    Defendants' conduct subjected Plaintiff to harassment based on Plaintiff's race,

13  national origin, and age, thereby creating an abusive, hostile, intimidating, oppressive, and

14  offensive work environment for Plaintiff.

15      57.    Defendant's harassing conduct was both severe and pervasive. Frequent and

16  continuous, Defendant's harassment altered the conditions of Plaintiff's employment and created

17  a work environment that is hostile, intimidating, offensive, oppressive, and abusive for Plaintiff.

18      58.    Any reasonable person in Plaintiff's circumstances would have considered the

19  work environment created by Defendant's harassment to be hostile, intimidating, offensive,

20  oppressive, and abusive. Plaintiff considered Defendant's work environment, at all relevant

21  times, to be hostile, intimidating, offensive, oppressive, and abusive.

22      59.    Defendant knew of the harassing conduct of each other towards Plaintiff and

23  failed to take immediate and appropriate corrective action. Therefore, Defendant, and each of

24  them, are responsible for each other's harassing conduct towards Plaintiff.

25      60.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

26  Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and

27  other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

28  amount of which is not yet known, which amount will be proven at trial.

11

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010-1137

61.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

62.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

63.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

64.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

65.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

12

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    **WHEREFORE,** Plaintiff prays judgment against Defendants and Does 1-30 as

2    is hereinafter more fully set forth.

3                    **FORTH CAUSE OF ACTION**

4              **Failure to Prevent Discriminatory Practices,**

5                    (Government Code §§ 12940 (k))

6              (Against Defendant CHERRY AEROSPACE and Does 1-30)

7    66.    Plaintiff refers to and incorporates each paragraph set forth above as though set

8    forth in full in this cause of action.

9    67.    At all times herein mentioned, Government Code § 12940 (k) was in full force

10   and effect and was binding on Defendant. This statute required Defendant to take all reasonable

11   steps necessary to prevent discrimination, harassment, and retaliation from occurring in the

12   workplace.

13   68.    Plaintiff was subjected to discrimination, harassment, and retaliation due to

14   Plaintiff's race, national origin and age. Defendant failed to take reasonable steps to prevent the

15   discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendant's full

16   awareness thereof in violation of Government Code § 12900, *et seq.*

17   69.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

18   Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and

19   other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

20   amount of which is not yet known, which amount will be proven at trial.

21   70.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

22   failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

23   and will incur other incidental and consequential damages and losses, all in amounts to be proven

24   at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest,

25   pursuant to any provision of law providing for prejudgment interest.

26   71.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and

27   wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

28   special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

13

COMPLAINT FOR DAMAGES

1  amounts of money Plaintiff would have received but for Defendant's discriminatory and

2  wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

3  opportunities as experience in the position Plaintiff held and advancement opportunities.

4      72.    As a direct, foreseeable, and proximate result of said wrongful acts and failures

5  to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

6  embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in

7  an amount to be proven at trial.

8      73.    Defendant committed the acts alleged herein maliciously, fraudulently, and

9  oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

10  and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

11  conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

12  wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or

13  a managing agent who had advance knowledge of the unfitness of its decision-maker and

14  employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified

15  his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

16  amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

17  similarly reprehensible conduct.

18      74.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant

19  to the Fair Employment and Housing Act.

20      **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is

21  hereinafter more fully set forth.

22  **FIFTH CAUSE OF ACTION**

23  **Fair Employment & Housing Act Retaliation**

24  (Government Code §§ 12940 (h))

25  (Against Defendant CHERRY AUTOSPACE and Does 1-30)

26      75.    Plaintiff hereby incorporates by reference all prior paragraphs of the allegations

27  as though fully set forth herein

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

14
COMPLAINT FOR DAMAGES

76.     California Government Code § 12940 (h) makes it unlawful for an employer to discharge, expel, or otherwise discriminate against any person, including adversely affecting working conditions, because the person has opposed any practices forbidden under Fair Employment & Housing Act.

77.     Plaintiff engaged in the protected activities of reporting harassment and/or discrimination and protesting Defendant's harassing and discriminatory conduct based upon his race, national origin and age.

78.     Plaintiff is informed and believes and thereon alleges that Defendant's acts of reporting harassment and discrimination, and/or some combination of these factors, were motivating reasons and/or factors in Defendant's decision to subject Plaintiff to the adverse employment actions, including but not limited to unlawful termination.

79.     Defendant violated FEHA by retaliating against Plaintiff and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, as set forth above.

80.     As a direct, foreseeable, and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

81.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

82.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

15

COMPLAINT FOR DAMAGES

83.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

84.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

85.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

### SIXTH CAUSE OF ACTION

**Retaliation in Violation of Labor Code**

(Labor Code § 6310)

(Against Defendant CHERRY AUTOSPACE and Does 1-30)

86.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

87.    California Labor Code § 6310 prohibits employers from discharging or in any manner discriminating against any employee because the employee has reported a work-related fatality, injury, or illness, requested access to occupational injury or illness reports and records that are made or maintained pursuant to Subchapter 1 (commencing with Section 14000) of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1   Chapter 1 of Division 1 of Title 8 of the California Code of Regulations. Section 6310 further

2   prohibits an employer from discharging in or in any manner discriminating against any employee

3   because the employee has made any oral or written complaint to the division, other governmental

4   agencies having statutory responsibility for or assisting the division regarding employee safety

5   or health, his employer, or his representative and/or instituted or caused to be instituted any

6   proceeding under or relating to his rights or has testified or is about to testify in the proceeding

7   or because of the exercise by the employee on behalf of himself, herself, or others of any rights

8   afforded him. Defendant violated California Labor Code § 6310.

9        88.    Plaintiff engaged in an activity protected by California Labor Code § 6310 by

10   reporting discriminatory practices related to wage increases and job promotions that Plaintiff

11   was looked over due to his age to a governmental agency and/or to Defendant, internally.

12        89.    Defendant violated California Labor Code § 6310 by terminating Plaintiff's

13   employment in retaliation for Plaintiff's protected activity of reporting age discrimination and

14   wage and hour issues to Defendant.

15        90.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

16   Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and

17   other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

18   amount of which is not yet known, which amount will be proven at trial.

19        91.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

20   failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

21   and will incur other incidental and consequential damages and losses, all in amounts to be proven

22   at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest,

23   pursuant to any provision of law providing for prejudgment interest.

24        92.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and

25   wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

26   special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

27   amounts of money Plaintiff would have received but for Defendant's discriminatory and

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

17

COMPLAINT FOR DAMAGES

1  wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

2  opportunities as experience in the position Plaintiff held and advancement opportunities.

3         93.    As a direct, foreseeable, and proximate result of said wrongful acts and failures

4  to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

5  embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in

6  an amount to be proven at trial.

7         94.    Defendant committed the acts alleged herein maliciously, fraudulently, and

8  oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

9  and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

10 conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

11 wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or

12 a managing agent who had advance knowledge of the unfitness of its decision-maker and

13 employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified

14 his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

15 amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

16 similarly reprehensible conduct.

17        95.    As a result, Plaintiff is entitled to reinstatement and reimbursement for lost wages

18 and work benefits caused Defendant and Does 1-30, pursuant to California Labor Code § 6310

19 (3)(b).

20        96.    Plaintiff is entitled to reasonable attorney's fees and costs of said suit as

21 specifically, if available, pursuant to California statute, including but not limited to the California

22 Labor Code and/or under California Code of Civil Procedure § 1021.5

23        **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is

24 hereinafter more fully set forth.

25 / / /

26 / / /

27 / / /

28 / / /

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**SEVENTH CAUSE OF ACTION**

**Retaliation in Violation of Labor Code**

(Labor Code § 1102.5)

(Against Defendant CHERRY AUTOSPACE and Does 1-30)

97.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

98.     At all relevant times, Labor Code § 1102.5(a) was in full force and effect and was binding on Defendant. This law prohibits an employer, or any person acting on behalf of the employers, from discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code § 1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

99.     Plaintiff reported suspected violations of the Fair Employment & Housing Act to Defendant. In response, Defendant subjected Plaintiff to adverse employment actions, including without limitation, wrongfully terminating Plaintiff's employment.

100.    Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendant against Plaintiff. This conduct violates Labor Code § 1102.5 and Labor Code § 1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

101.    As a result of Defendant's actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendant's violations of Labor Code § 1102.5.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

102.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

103.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

104.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

105.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

106.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

20

COMPLAINT FOR DAMAGES

1  amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

2  similarly reprehensible conduct.

3      107.   Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Labor

4  Code § 1102.5 (j).

5      **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is

6  hereinafter more fully set forth.

7                          **EIGHTH CAUSE OF ACTION**

8                    **Failure to Pay Meal Break Compensation**

9                          (Labor Code §§ 512 and 226.7)

10                  (Against Defendant CHERRY AUTOSPACE and Does 1-30)

11     108.   Plaintiff refers to and incorporates each paragraph set forth above as though set

12  forth in full in this cause of action.

13     109.   California Labor Code § 512 prohibits an employer from employing an employee

14  for a work period of more than five hours per day without providing the employee with a meal

15  period of not less than thirty (30) minutes, or for a work period of more than ten (10) hours per

16  day without providing the employee with a second meal period of not less than thirty (30)

17  minutes.

18     110.   Section 11 of the Industrial Wage Commission Wage Order Nos. 1-2001 to 16-

19  2001 provide (and at all times relevant hereto provided) in relevant part that:

20         No employer shall employ any person for a work period of more than five (5)

21         hours without a meal period of not less than 30 minutes, except that when a

22         work period of not more than six (6) hours will complete the day's work the

23         meal period may be waived by mutual consent of the employer and employee.

24         Unless the employee is relieved of all duty during a 30 minute meal period,

25         the meal period shall be considered an "on duty" meal period and counted as

26         time worked. An "on duty" meal period shall be permitted only when the

27         nature of the work prevents an employee from being relieved of all duty and

28         when by written agreement between the parties an on-the-job paid meal period

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

21

COMPLAINT FOR DAMAGES

is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

111.    California Labor Code § 226.7 prohibits any employer from requiring an employee to work during any meal period mandated by an applicable IWC wage order and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each workday that the employer does not provide a compliant meal or rest period.

112.    Defendants failed to provide Plaintiff with meal periods as required by law and failed to authorize and permit Plaintiff to take rest periods as required by law. Plaintiff is therefore entitled to payment of the meal and rest period premiums as provided by law, in an amount to be established at the time of trial.

113.    Defendant CHERRY AEROSPACE was Plaintiff's employer and/or was an "other person acting on behalf of" such employer, as defined by Labor Code § 558.1 (b). As such, Defendant is personally liable for the violations alleged in this cause of action.

**WHEREFORE**, Plaintiff prays judgment against Defendants and Does 1-30 as is hereinafter more fully set forth.

## NINTH CAUSE OF ACTION

### Failure to Pay Rest Break Compensation

(Labor Code § 226.7)

(Against Defendant CHERRY AUTOSPACE and Does 1-30)

114.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

22

1    115.    Section 12 of Industrial Wage Commission Wage Order Nos. 1-2001 to 16-2001

2    provide, and at all times relevant hereto provided, in relevant part that:

3    > Every employer shall authorize and permit all employees to take rest periods,

4    > which insofar as practicable shall be in the middle of each work period. The

5    > authorized rest period time shall be based on the total hours worked daily at the

6    > rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

7    > However, a rest period need not be authorized for employees whose total daily

8    > work time is less than three and one-half (3 ½) hours. Authorized rest period time

9    > shall be counted, as hours worked, for which there shall be no deduction from

10   > wages. If an employer fails to provide an employee a rest period in accordance

11   > with the applicable provisions of this Order, the employer shall pay the employee

12   > one (1) hour of pay at the employee's regular rate of compensation for each work

13   > day that the rest period is not provided

14   116.    California Labor Code § 226.7 prohibits any employer from requiring an

15   employee to work during any rest period mandated by an applicable IWC wage order and

16   provides that an employer that fails to provide an employee with a required rest break or meal

17   period shall pay that employee one additional hour of pay at the employee's regular rate of

18   compensation for each workday that the employer does not provide a compliant meal or rest

19   period.

20   117.    Defendant was Plaintiff's employer and/or was an "other person acting on behalf

21   of" such employer, as defined by Labor Code § 558.1 (b). As such, Defendant is personally liable

22   for the violations alleged in this cause of action.

23   118.    Defendants failed to provide Plaintiff with meal periods as required by law and

24   failed to authorized and permit Plaintiff to take rest periods as required by law. Plaintiff is

25   therefore entitled to payment of the meal and rest period premiums as provided by law, in an

26   amount to be established at the time of trial.

27   **WHEREFORE**, Plaintiff prays judgment against Defendants and Does 1-30 as is

28   hereinafter more fully set forth.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

23

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**TENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

(Against Defendant CHERRY AUTOSPACE and Does 1-30)

119.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

120.    Throughout Plaintiff's employment with Defendant, Plaintiff performed the duties of Defendant's work assignments in a competent manner.

121.    Under California law, no employee can be terminated or subjected to adverse employment action for a reason that violates a fundamental public policy.

122.    Plaintiff believes and, on that basis, alleges that Plaintiff's race, color, national origin and age were substantial motivating reasons for Plaintiff's termination. Plaintiff's termination violated the public policy of the State of California and the United States imposing general business duties with which every business entity must comply. Defendant's conduct violated the California Constitution, the California Fair Employment and Housing Act, codified in Government Code § 12940, *et seq.*, and the California Labor Code.

123.    As a direct, foreseeable and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

124.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

125.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and

24

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

2    opportunities as experience in the position Plaintiff held and advancement opportunities.

3         126.   As a direct, foreseeable, and proximate result of said wrongful acts and failures

4    to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

5    embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in

6    an amount to be proven at trial.

7         127.   Defendant committed the acts alleged herein maliciously, fraudulently, and

8    oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

9    and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

10   conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

11   wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or

12   a managing agent who had advance knowledge of the unfitness of its decision-maker and

13   employed him with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified

14   his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

15   amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

16   similarly reprehensible conduct.

17        **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is

18   hereinafter more fully set forth.

19                          **ELEVENTH CAUSE OF ACTION**

20                          **Unlawful Business Practices**

21                          (Bus. & Prof. Code § 17200, *et seq.*)

22                  (Against Defendant CHERRY AUTOSPACE and Does 1-30)

23        128.   Plaintiff refers to and incorporates each paragraph set forth above as though set

24   forth in full in this cause of action.

25        129.   California Business and Professions Code § 17200, *et seq.* ("the UCL") prohibits

26   unfair competition, including but not limited to any unlawful, unfair or fraudulent business

27   practices.

28

                                    25
                          COMPLAINT FOR DAMAGES

130.   California Labor Code § 90.5 (a) provides that it is the public policy of the State of California to vigorously enforce labor standards to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

131.   Defendant's conduct as alleged in Plaintiff's causes of action as set forth above constitute unfair and unlawful business practices within the meaning of California Bus. & Prof. Code § 17200, *et seq.* Plaintiff seeks restitution and disgorgement from Defendant of earned wages/compensation withheld from Choose an item. during the statutory period.

132.   As a direct and proximate result of the unfair and unlawful conduct of Defendant, Plaintiff has suffered, and will continue to suffer, the loss of compensation owed to Choose an item. in a sum to be established at trial.

133.   Unless restrained Defendant will continue to commit the unfair and unlawful business practices alleged above. Plaintiff, therefore, seeks a preliminary and permanent injunction pursuant to California Bus. & Prof. Code §§ 17203 and 17204 to enjoin Defendant from committing such practices in the future.

134.   Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff seeks reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

### Prayer For Relief

WHEREFORE, Plaintiff prays for judgment against each Defendant, and each of them, as follows:

1.   That Defendants and Does 1-30 are found to have violated California Government Code § 12940 *et seq.*;

2.   That Defendants and Does 1-30 are found to have violated the California Labor Code and the applicable IWC Wage Order(s);

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

26

COMPLAINT FOR DAMAGES



3. That Defendants and Does 1-30 are found to have violated the California Family Rights Act.

4. That Defendants and Does 1-30 are found to have violated California Bus. & Prof. § 17200, *et seq.;*

5. That Defendants and Does 1-30 are found to have wrongfully terminated Plaintiff in violation of public policy;

6. That Defendants and Does 1-30's violations as described above are found to be willful;

7. For general damages in a sum according to proof;

8. For special damages in a sum according to proof;

9. For compensatory damages;

10. For statutory penalties;

11. For injunctive relief and restitution pursuant to California Bus. & Prof. § 17200, et seq.;

12. For treble damages pursuant to California Civil Code § 3345;

13. For costs of suit herein incurred;

14. For pre- and post-judgment interest;

15. For punitive and exemplary damages;

16. An award of reasonable attorneys' fees and costs in accordance with California law, including but not limited to the California Government Code, Labor Code, and/or Code of Civil Proc. § 1021.5;

17. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

/ / /

/ / /

/ / /

/ / /

/ / /

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

27

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

DATED: October 28, 2021          WILSHIRE LAW FIRM

By: _____

Nathan Kingery, Esq.
Attorney for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

28

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT A

27
28

29

COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 27, 2021

Nathan Kingery
3055 Wilshire Boulevard, 12th Floor
Los Angeles, California 90010

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202110-15215928
      Right to Sue: Carmona / SPS Technologies, LLC, DBA Cherry Aerospace et al.

Dear Nathan Kingery:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 27, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202110-15215928
      Right to Sue: Carmona / SPS Technologies, LLC, DBA Cherry Aerospace et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing


DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 27, 2021

Dannie Carmona
c/o 3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202110-15215928
Right to Sue: Carmona / SPS Technologies, LLC, DBA Cherry Aerospace et al.

Dear Dannie Carmona:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 27, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Dannie Carmona                                          DFEH No. 202110-15215928

6

Complainant,

7

vs.

8

SPS Technologies, LLC, DBA Cherry Aerospace
1224 E Warner Ave.

9

Santa Ana, California 92705

10

Respondent's agent for service of process: National
Registered Agents, Inc

11

330 N Brand Blvd. Ste 700
Glendale, California 91203

12

13

Tanner Tardiff
1224 E Warner Ave.

14

Santa Ana, California 92705

15

Thana Kittinathonon
1224 E Warner Ave.

16

Santa Ana, California 92705

17

Charles Palella
1224 E Warner Ave.

18

Santa Ana,  92705

19

Respondents

20

_____

21

**1.** Respondent **SPS Technologies, LLC, DBA Cherry Aerospace**  is an **employer**  subject to

22

suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
seq.).

23

**2.**Complainant is naming **Respondent's agent for service of process: National Registered**

24

**Agents, Inc** business as Co-Respondent(s).
Complainant is naming **Tanner Tardiff** individual as Co-Respondent(s).

25

Complainant is naming **Thana Kittinathonon** individual as Co-Respondent(s).

26

-1-

27

Date Filed: October 27, 2021

28

DFEH-ENF 80 RS

1  Complainant is naming **Charles Palella** individual as Co-Respondent(s).

2  **3**. Complainant **Dannie Carmona**, resides in the City of **Los Angeles,** State of **California.**

3

4  **4**. Complainant alleges that on or about **January 20, 2021**, respondent took the following adverse actions:

5  **Complainant was harassed** because of complainant's race, national origin (includes
6  language restrictions), color, age (40 and over), other.

7  **Complainant was discriminated against** because of complainant's race, national origin
   (includes language restrictions), color, age (40 and over), other and as a result of the
8  discrimination was terminated, laid off, denied hire or promotion, reprimanded, asked
   impermissible non-job-related questions, denied any employment benefit or privilege, other,
9  denied work opportunities or assignments.

10 **Complainant experienced retaliation** because complainant reported or resisted any form
   of discrimination or harassment and as a result was terminated, laid off, denied hire or
11 promotion, reprimanded, asked impermissible non-job-related questions, denied any
   employment benefit or privilege, other, denied work opportunities or assignments.
12

13 **Additional Complaint Details:** Complainant was harassed, discriminated against, retaliated
   against, Respondents failed to prevent harassment, discrimination and retaliation.
14 Respondents, their agents, joint employers, principals subsidiaries, principals and alter
   egos, and Does 1 through 100, whose identity is known to respondents, harassed,
15 discriminated and retaliated against complainant and subjected complainant to disparate
   treatment and disparate impact discrimination. Complainant was a member of a protected
16 class, was associated with a member of a protected class, was perceived to be a member of
   a protected class, was associated with a member of a protected class, and respondents'
17 mistreatment of complainant was in violation of FEHA, Government Code, 12926, and
   12940 et seq. The harassment, discrimination and retaliation were continuing until
18 respondents fired Complainant. Respondents failed to investigate, prevent or remedy the
   harassment, discrimination or retaliation.
19

20 Complainant reserves the right to name any later discovered managing agents, supervisors,
   alter egos, joint employers, principals, agents, subsidiaries or parent corporations upon
21 discovery of their identity as additional Respondents. It is believed that Respondents had a
   pattern and practice of harassment, discrimination, and retaliation and that information is
22 also within the Respondents control at this time and would not be available to complainant
   until after a lawsuit is filed. Complainant therefore puts respondents on notice that they
23 should investigate other employees as well and whether there was widespread
   discrimination. The actions were illegal and done with malice, oppression and fraud in
24 knowing violation of the law. Complainant and others will seek all damages, including loss of
   earnings, loss of career, emotional harm, attorneys fee and punitive damages. Complainant
25

26                                          -2-
                          *Complaint – DFEH No. 202110-15215928*
27
   Date Filed: October 27, 2021
28
                                                                        DFEH-ENF 80 RS

1   requests all evidence be preserved and that Respondents conduct a complete and thorough
    investigation and take immediate corrective action.

2

3   Complainant worked as a Machine Operator for Respondents. Throughout Complainant's
    employment he was subjected to harassment and discrimination on the basis of his age and
    race. Complainant was regularly berated by Respondents due to his age and race.

4   Respondents wrongfully terminated Complainant's employment due to his age. The actions
    were illegal and done with malice, oppression, and fraud in knowing violation of the law.

5   Complainant and others will seek all damages, including loss of earnings, loss of career,
    emotional harm, attorneys fee and punitive damages. Complainant requests all evidence be

6   preserved and that Respondents conduct a complete and thorough investigation and take

7   immediate corrective action.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                         -3-
                          *Complaint – DFEH No. 202110-15215928*

27

    Date Filed: October 27, 2021

28

                                                              DFEH-ENF 80 RS

VERIFICATION

I, **Nathan Kingery**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 27, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-
*Complaint – DFEH No. 202110-15215928*

Date Filed: October 27, 2021

DFEH-ENF 80 RS

Electronically Filed by Superior Court of California, County of Orange, 10/28/2021 12:15:33 PM.
30-2021-01228559-CU-WT-WJC - ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Nathan Kingery, Esq. (SBN 309920)<br>Wilshire Law Firm, PLC<br>3055 Wilshire Blvd., 12th Floor,<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (213) 381-9988   FAX NO.: (213) 381-9989<br>ATTORNEY FOR *(Name):* Plaintiff, Dannie Carmona | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE |
|---|
| STREET ADDRESS:  Orange County Superior Court<br>MAILING ADDRESS:  West Justice Center<br>CITY AND ZIP CODE:  8141 13th Street<br>BRANCH NAME:  Westminster, CA 92683 |

| CASE NAME:<br>CARMONA v. SPS TECHNOLOGIES, LLC, et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01228559-CU-WT-WJC |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | JUDGE: Judge Nathan Scott |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
            issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2021

Nathan Kingery, Esq.
_____
(TYPE OR PRINT NAME)        ▶        _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

`· CM-010`

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## *NATIONAL REGISTERED AGENTS, INC*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  Greg Aschman, SR VP - FINANCE
     Pcc Airframe Products
     301 HIGHLAND AVENUE                        SOP Transmittal #  540526737
     JENKINTOWN, PA 19046

Entity Served:   SPS TECHNOLOGIES, LLC  (Domestic State: PENNSYLVANIA)


Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of CALIFORNIA on this 03 day of November, 2021. The following is a summary of the document(s) received:

1.  **Title of Action:**  Re: DANNIE CARMONA, an individual // To: SPS TECHNOLOGIES, LLC

2.  **Document(s) Served:**  Other: Summons, Attachment(s), Notice, Complaint

3.  **Court of Jurisdiction/Case Number:** Orange County - Superior Court - Westminster, CA
                                          Case # 30202101228559CUWTWIC

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:       _X_ Process Server        ___ Law Enforcement        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:             ___ Certified Mail        ___ Regular Mail          ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**  11/03/2021 02:52:00 AM CST

7.  **Appearance/Answer Date:**  Within 30 days after service

8.  **Received From:**     Nicol E. Hajjar                    9.  **Carrier Airbill #** 1ZY041160198457669
                           WILSHIRE LAW FIRM
                           3055 Wilshire Blvd., 12th Floor
                           Los Angeles, CA 90010             10. **Call Made to:** Not required
                           213-381-9988

11.     **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Greg Aschman  gaschman@spstech.com

Email Notification,  Chad Seber  cseber@precastcorp.com

Email Notification,  Colette Koby  ckoby@precastcorp.com

Email Notification,  Ruth A Beyer  rbeyer@precastcorp.com

Email Notification,  Debie Browning  dbrowning@precastcorp.com

Email Notification,  Jeremy Hughes  jhughes@precastcorp.com


**Registered Agent: NATIONAL REGISTERED AGENTS, INC**          CopiesTo:

866-331-2303 - Telephone
213-614-9347 - Fax


ORIGINAL

## *NATIONAL REGISTERED AGENTS, INC*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  Greg Aschman, SR VP - FINANCE
     Pcc Airframe Products                              SOP Transmittal #  540526737
     301 HIGHLAND AVENUE
     JENKINTOWN, PA 19046

Entity Served:  SPS TECHNOLOGIES, LLC  (Domestic State: PENNSYLVANIA)

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by   Amanda Garcia

ORIGINAL



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Nov 3, 2021

**Server Name:**            Bruce Anderson

| Entity Served | SPS TECHNOLOGIES, LLC |
|---|---|
| Case Number | 30-2021-01228559-CU-WT-WJC |
| Jurisdiction | CA |

